IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT PAUL DETRICK,

        Plaintiff,

v.

PHOENIX POLICE DEPARTMENT,
CITY OF PHOENIX, IANSUN HYRST,
STEVE BOHN, ROBERT MCKEAN,
ADAM LEWIS and GREG BRUCE

        Defendants.

Civ. No. 04-3012-CO
OPINION AND ORDER

---

Doug S. Gard
Attorney At Law
P.O. Box 4356
313 Ivy Street
Medford, OR 97501
    Attorney for plaintiff

1   - OPINION AND ORDER

Bruce L. Mowery
Attorney At Law
1212 Court Street N.E.
Salem, OR 97301
    Attorney for defendants

AIKEN, Judge:

Magistrate Judge Cooney filed his Findings and Recommendation on August 9, 2005. The matter is now before this court pursuant to 28 U.S.C. ' 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a de novo determination of that portion of the Magistrate's report. 28 U.S.C. ' 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Plaintiff has timely filed objections. I have, therefore, given the file of this case a de novo review. I decline to adopt the Magistrate's Findings and Recommendation that defendants' motion for summary judgment as to plaintiff's Fourth Amendment claim based on his arrest and continued detention be denied.

## I. BACKGROUND

The pertinent findings of fact are not disputed by the parties.[1] Phoenix police officer Hyrst stopped plaintiff Robert Paul Detrick (Detrick) for an inoperable license plate light in violation of ORS 816.330. Findings and Recommendation, p.2. Officer Hyrst requested that Detrick produce his drivers license, vehicle registration and proof of insurance. Id. Detrick attempted to hand Officer Hyrst some papers, none of which were the requested documents,

---

[1] Defendants dispute Judge Cooney's findings of fact as to the time of plaintiff's arrest. However, because the timing of the arrest is immaterial to this court's review, I will not reach those facts.

2   - OPINION AND ORDER

explaining that his name was not allowed to be used without his permission. Id. Officer Hyrst told Detrick he needed to produce his license. Id. at p.3. Detrick stated that he would not produce it. Id. Officer Hyrst explained that if Detrick did not produce his license he could be arrested and taken to jail. Id.

When stopped by Officer Hyrst, Detrick began searching for a "Fifth Amendment Document" he had prepared. Id. Detrick explained that he would produce his license if Officer Hyrst would sign the "Fifth Amendment Document" thereby agreeing not to use Detrick's information in court. Id. Detrick believed that his license was incriminating evidence because a license constitutes identification. Id. He also believed that he had the right to withhold incriminating information. Id. Ultimately, Detrick was unable to locate his "Fifth Amendment Document" so he refused to produce his license, explaining to Officer Hyrst that his name was "copyrighted." Id.

Over the course of the stop, Officer Hyrst asked Detrick for his license "probably five times." Id. Detrick "never" presented his license to Officer Hyrst. Id. Eventually, Officer Hyrst ordered Detrick to exit his vehicle. Id. Instead of complying, Detrick locked all his doors and rolled up his windows. Id. at p.3-4.

Not wanting to break into the vehicle to extract Detrick, Officer Hyrst called for back up. Id. at p.4. Several officers, including defendant Lieutenant McKean, responded. Id. at p.4-5. One of the responding officers recognized Detrick from a previous interaction and told Detrick, "I remember you." Id. at p.5. Detrick ultimately produced his license and exited the vehicle. Id. Detrick was then taken into custody, handcuffed and told he was under arrest for failure to produce a drivers license. Id. Detrick was transported to the Jackson county jail, where he was

held for approximately thirteen and a half hours and then released. Id. at p.7-9.

Detrick filed suit against the Phoenix Police Department, the City of Phoenix and various Phoenix police officers seeking physical and emotional distress damages, punitive damages, and reasonable attorney's fees and costs. Id. at p.1. In response the defendants filed a motion for summary judgment. Judge Cooney granted defendants' motion for summary judgment except as to Detrick's Fourth Amendment claim based on his arrest and continued detention. Id. at p.37. Judge Cooney found that genuine issues of material fact existed as to whether Detrick's arrest and detention were reasonable under Oregon Revised Statutes 807.570. Id. at p.26.[2] Defendants filed timely objections to Judge Cooney's findings and recommendation and the matter is now before this court.

## II. STANDARD OF REVIEW

The moving party is entitled to summary judgment as a matter of law if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56©); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002).

The moving party carries the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets its burden by identifying portions of the record

---

[2]Or. Rev. Stat. 807.570 provides in pertinent part;
(1) A person commits the offense of failure to carry a license or to present a license to a police officer if the person . . .
(b) Does not present and deliver such license or permit to a police officer when requested by the police officer under the following circumstances:
(A) Upon being lawfully stopped or detained when driving a vehicle . . .
(4) A police officer may detain a person arrested or cited for the offense described in this section only for such time as reasonably necessary to investigate and verify the person's identity [.]

which demonstrate the absence of any genuine issue of material fact. Id. Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). The court must draw all reasonable inferences in favor of the non-moving party. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

III. DISCUSSION

In their Objections to the Findings and Recommendations, defendants challenge Judge Cooney's findings that:

1. Summary judgment on the Fourth Amendment Claims, as it relates to the arrest and detention of plaintiff, should be denied as to defendants Hyrst and McKean; and
2. Defendants Hyrst and McKean are not entitled to qualified immunity.

Defendants' Objections to Magistrate's Findings and Recommendations, p.1.

Defendants assert that even if there are genuine issues of material fact as to whether Detrick's arrest and detention violated the Fourth Amendment under Oregon Revised Statutes (hereinafter ORS) 807.570, Oregon law provides that if police officers "had probable cause to arrest, the arrest is not rendered illegal because the officers expressed another and improper cause for arrest." State v. Cloman, 254 Or 1, 12, 456 P.2d 67, 72 (1969). See also Gasho v. United States, 39 F.3d 1420, 1428 n.6 (9th Cir. 1994)("Probable cause may . . . exist for a closely related offense, even if that offense was not invoked by the arresting officer, as long as it involves the same conduct for which the suspect was arrested. It is immaterial that the officer did not have in mind the specific charge on which the arrest can be justified.").[3]

---

[3]The court notes that defendants failed to raise this argument below, and therefore Judge Cooney did not have an opportunity to consider it.

Defendants assert that they had probable cause to arrest plaintiff for obstructing governmental or judicial administration under ORS 162.235, and therefore did not violate his Fourth Amendment rights.

This court agrees with Judge Cooney's findings that summary judgment as to plaintiff's Fourth Amendment claim based on his arrest and continued detention for failure to produce a license pursuant to ORS 807.570 is not warranted. Findings and Recommendation, p.37. See State v. Auer, 90 Or. App. 459, 463 752 P.2d 1250, 1252 (1988) ("An arrest for violation of [ORS 807.570] can continue 'only for such time as reasonably necessary to investigate and verify the person's identity.'"); State v. Bishop, 157 Or. App. 33, 42, 967 P.2d 1241, 1245 (1998) ("[A]n officer can detain the individual up to and until the information of identity is verified. Once verified, however, detention is no longer reasonably necessary and the individual must be released."). Genuine issues of material fact exist as to whether Detrick's arrest and detention pursuant to ORS 807.570 violates the Fourth Amendment.

Judge Cooney, however, was not permitted an opportunity to address the issue of whether plaintiff's arrest is constitutional if probable cause exists for a charge other than failure to present a license. ORS 807.570. In State v. Cloman, after the discovery of a quantity of stolen copper wire in a garage, Mr. Cloman, a known copper wire thief, was stopped and arrested shortly before 5:00 a.m. 254 Or. 1, 3-4, 456 P.2d 67, 68-69 (1969). Mr. Cloman was charged with being out 'after hours' and subsequent to his arrest the trunk of his car was searched. Id. at 5. Copper wire was found in the trunk. Id. The wire was later found to be stolen. Id. The Oregon Supreme Court held that the 'after hours' arrest could not justify the search of the trunk and the seizure of the copper wire. Id. The court did find, however, that the search and seizure were proper

because the officers had probable cause to arrest Cloman on "some charge concerning the stolen wire," and "if the officers had probable cause to arrest, the arrest made is not rendered illegal because the officers expressed another and improper cause for the arrest." Id. at 12-13. See also State v. Temple, 1 Or. App. 91, 96-97, 488 P.2d 1380, 1382 (1971) ("[T]he police were justified in arresting defendant for the felony of possession of stolen goods . . . it is immaterial . . . that the police articulated a different, or even improper reason for the arrest . . . ."); State v. Carter, 34 Or. App. 21, 29, 578 P.2d 790, 796 (1978)("In Oregon, it is reasonably well settled that arrests and searches are judged by a reasonable-person standard; the fact that a police officer articulates his subjective reason for arresting or searching that happens to be invalid is irrelevant if a court later concludes that a reasonable person, viewing the facts objectively, would have had probable cause to arrest or search."); State v. Corona, 60 Or. App. 500, 503, 655 P.2d 216, 218 (1982) ("[P]olice had probable cause to arrest defendant on criminal charges connected with the hit-and-run accident. That they articulated another reason does not invalidate the arrest.").

Defendants allege that they had probable cause to arrest Detrick for violations of both ORS 162.235, obstructing governmental or judicial administration, and ORS 162.247, interfering with a peace officer. Because ORS 162.247 has been ruled unconstitutional by the Oregon Court of Appeals, this court will consider only whether defendants had probable cause to arrest Detrick pursuant to ORS 162.235.[4]

---

[4]The Oregon Court of Appeals found ORS 162.247 unconstitutional under the Oregon Constitution in State v. Illig-Renn, 199 Or.App. 124, 110 P.3d 137 (2005). In Illig-Renn, the Court of Appeals referenced the Oregon Supreme Court's decision striking down ORS 166.025(1)(e), a disorderly conduct statute, in which the Oregon Supreme Court held that the disorderly conduct statute was "overbroad because it prohibited constitutionally protected conduct or speech." State v. Illig-Renn, 199 Or. App. 124, 126, 110 P.3d 137, 138 (2004). The Court of Appeals reasoned that, "if a statute proscribing disobedience to a lawful order to

ORS 162.235 provides:

(1) A person commits the crime of obstructing governmental or judicial administration if the person intentionally obstructs, impairs, or hinders the administration of law or other governmental or judicial function by means of intimidation, force, physical or economic interference or obstacle . . .
(3) Obstructing governmental or judicial administration is a Class A misdemeanor.

"There is a dearth of Oregon caselaw interpreting [ORS 162.235]." Papst v. Bay, 354 F.Supp.2d 1175, 1177 (D. Or. 2005). "The terms of the statute provide that the crime of obstructing governmental or judicial administration is committed when one intentionally obstructs . . . *by means of* 1) intimidation[,] 2) force, 3) physical [interference or obstacle,] or 4) economic interference or obstacle." Id. (internal quotations omitted, emphasis in original).

Here, Officer Hyrst asked Detrick to exit the vehicle, and in response, Detrick locked all the doors, rolled up all the windows and refused to leave his vehicle. Findings and Recommendation, 4. This court finds that by locking Officer Hyrst out of the vehicle and refusing to exit, Detrick physically interfered with "the administration of law or other governmental or judicial function," within the meaning of the statute.

This case can be distinguished from Papst, where the court found that "[p]laintiff's mere failure to cooperate, when such is unaccompanied by any of the four prohibited means of obstruction is not a criminal act under the statute." 354 F.Supp.2d at 1177. In Papst, the plaintiff had a "lengthy verbal exchange" with an officer, during which the officer "perceived Papst to be lying and otherwise failing to obey [a provisional process order]." Id. at 1176. Papst did not use intimidation or force, nor did he physically or economically interfere with the officers. Id. at

---

disperse was overbroad because it criminalized some constitutionally protected conduct, then a statute that criminalized the same conduct plus more conduct - that is, disobedience to *any* lawful order - must also be overbroad," and therefore unconstitutional. Id.

1177. Here, Detrick did in fact physically interfere with Officer Hyrst when he refused to exit his vehicle, locked the doors, and rolled up the windows, presumably to prevent Officer Hyrst from forcibly extracting him.

In State v. Mattila, Mr. Mattila was charged with obstructing governmental or judicial administration for failing to remove a crutch that was blocking the door of his parents' house. 77 Or. App. 219, 222-23, 712 P.2d 832, 834 (1986). Mattila claimed that he did not physically interfere with the officers who were trying to evict him because he did not "hit, spit at, shove, push or otherwise physically contact any deputy." Id. at 222. The court found that because Mattila knew that the only door to the house was blocked by the crutch, he refused to remove the crutch, and he admitted that he did not want the officers to enter the house, the question of whether his actions constituted physical interference was one for the jury. Id. at 223. Here, Detrick's actions in locking all his doors, rolling up his windows and refusing to exit his vehicle created probable cause for the officers to believe that he physically interfered with governmental or judicial administration.

In Clavette v. Sweeney the court held that officers had probable cause to arrest Mr. Clavette for violation of the obstruction statute when he yelled at firefighters, vaguely threatened to shoot the officers, and refused to allow them on his property to put out a fire burning in a 55 gallon drum in the backyard. 132 F.Supp.2d 864, 870 (D. Or. 2001). The court held that the arresting officers were entitled to summary judgment "against Plaintiff's claim that [the officers] violated his Fourth Amendment rights by arresting him without probable cause." Id.

Probable cause "exists when 'under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability' that a

crime was committed." Gasho v. United States, 39 F.3d 1420, 1428 (9th Cir. 1994) (quoting United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)). Here the officers had probable cause to arrest Detrick for violation of the obstruction statute.

Obstructing governmental or judicial administration is a Class A misdemeanor. ORS 162.235(3). Oregon law provides that a "peace officer may arrest a person without a warrant if the officer has probable cause to believe that the person has committed . . . a misdemeanor." ORS 133.310(1)(b). The officers here had probable cause to believe that Detrick committed the misdemeanor of obstructing governmental or judicial administration, and therefore had probable cause to arrest him under ORS 162.235(3) and 133.310(1)(b).

Detrick was detained for less than fifteen hours. Findings and Recommendation, 7-9. The United States Supreme Court held in Gerstein v. Pugh, that in a situation involving a warrantless arrest, a "policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of a crime, and for a brief period of detention to take the administrative steps incident to arrest." 420 U.S. 103, 113-14 (1975). Federal law provides that an individual arrested without a warrant is entitled to judicial determination of probable cause within 48 hours of arrest. County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). Detrick was "in custody" at 8:07pm. Findings and Recommendation, p.7. Detrick arrived at the Jackson County Jail at 8:35pm. Id. Detrick was held at the Jackson County Jail for approximately thirteen and a half hours. Id. at 9. In total, Detrick was detained for less than 15 hours, well below the federal maximum of 48 hours. Detrick's detention does not violate the Fourth Amendment.

Because Officers Hyrst and McKean had probable cause to arrest Detrick for obstructing

governmental or judicial administration under ORS 162.235(1) and ORS 133.310(1)(b), and his detention for less than 15 hours was well below the federal maximum triggering a probable cause determination, defendants' petition for summary judgment as to Detrick's Fourth Amendment arrest and detention claims is granted.

Because this court finds no Fourth Amendment violation, I need not consider defendants' assertion of qualified immunity.

## IV. CONCLUSION

For the reasons explained, the court declines to adopt Judge Cooney's Findings and Recommendations (doc. 48) as follows: defendants' motion for summary judgment (doc. 14) relating to the arrest and detention of plaintiff is granted. The remainder of Judge Cooney's Findings and Recommendations are adopted.

IT IS SO ORDERED.

Dated this 14 day of November 2005.

*[signature]*
Ann Aiken
United States District Judge